Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7823 | **DATE** | 10/15/2001 |
| **CASE TITLE** | Objectwave Corporation vs. Authentix Network, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing re-set for 11/13/2001 at 10:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to dismiss amended count II (40-1) is granted. For the following reasons, we will treat Authentix's motion as a sua sponte motion to reconsider our 6/28/01 order granting judgment on the pleadings as to Objectwave's original count two. As such, we hereby dismiss without prejudice count two of Objectwaive's second amended complaint and vacate that portion of our 6/28/01 order pertaining to count two. Furthermore, Objectwave is hereby ordered to submit a third amended complaint on or before 11/5/01. The ruling and status date of 10/19/01 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 1 6 2001 | 45 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 OCT 16 AM 8:10 | 10/15/2001 date mailed notice | |
| GL | courtroom deputy's initials | Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OBJECTWAVE CORPORATION, an )
Illinois corporation, )
 )
      Plaintiff, )
 )
      v. ) No. 00 C 7823
 )
AUTHENTIX NETWORK, INC., a )
California corporation, )
 )
      Defendant. )

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Before us is defendant Authentix Network, Inc.'s ("Authentix") motion to dismiss count two of plaintiff Objectwave Corporation's ("Objectwave") second amended complaint. For the following reasons, we will treat Authentix's motion as a *sua sponte* motion to reconsider our June 28, 2001 order granting judgment on the pleadings as to Objectwave's original count two. As such, we hereby dismiss without prejudice count two of Objectwave's second amended complaint and vacate that portion of our June 28, 2001 order pertaining to count two. Furthermore, Objectwave is hereby ordered to submit a third amended complaint in accordance with this opinion.

Background

Authentix and Objectwave were parties to a written agreement ("Agreement") by which Objectwave was to design and develop software for Authentix. When the Agreement was only partially completed, Authentix terminated it according to the Agreement's terms. Count one of the complaint alleges a straightforward breach of contract claim relating to monies allegedly due for work partially completed under the Agreement; our June 28th order denied Authentix' motion for

partial judgment on the pleadings with regard to count one. It is count two that has caused some confusion.

Count two of the first amended complaint alleged a claim for quantum *meruit*, claiming that the parties had agreed – apparently outside the terms of the written contract – that Authentix would provide 44% of the manpower for the project and that it failed to do so. The count goes on to allege that this failure resulted in Objectwave having to perform the entire project itself, hurting its ability to complete the project and unjustly enriching Authentix. We granted Authentix' motion for judgment on the pleadings as to this count because an action for quantum meruit cannot lie between parties to an enforceable contract. In doing so, we noted that count two appeared to state not a claim for quantum meruit but a claim for breach of oral contract.

Thereafter, Objectwave requested leave to file a second amended count two, which we granted. The amended count two states substantially the same facts as the original, but adds that Authentix' agreement to provide manpower was made via telephone and e-mail conversations. This count is now entitled "Breach of Oral and Written Modification to Contract." Authentix' motion to dismiss argues that our earlier order granting judgment on the pleadings is res *judicata* as to this issue. After reviewing our earlier opinion, we find that we need to vacate the part that dealt with count two because there are disputed issues of fact between the parties that preclude the issuance of a judgment on the pleadings.

Analysis

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) may only be granted if no material issues of fact remain to be resolved between the parties. National Fidelity Life *Ins. Co. v. Karaganis,* 811 F.2d 357, 358 (7th Cir. 1986). In this case, although neither side mentioned it in their briefs on Authentix' earlier motion for judgment on the pleadings, there are disputed issues of material fact that should have precluded our granting of the motion. Specifically, with regard to count two, the parties dispute whether Authentix ever agreed (through

2

oral or written modification of the Agreement or otherwise) to provide a certain percentage of the workforce needed for the project. In its answer, Authentix denies some parts of this count, and merely refers back to the Agreement in others; they certainly do not agree that they were to provide 44% of the labor needed. Thus, even though it is true that Objectwave could not maintain its quantum meruit count, our original decision to grant judgment on the pleadings was erroneous; given the dispute of facts, we should never have reached the merits.

As we noted in our earlier opinion, Objectwave's count two sounded in breach of contract, not quantum meruit. Since count one of the complaint also alleges breach of contract, what we should have instructed Objectwave to do (and what we order now), is for it to amend its complaint to include all of its breach of contract allegations in a single count, whether they relate to the Agreement or some alleged modification of the Agreement. The parties may then conduct discovery to determine the scope and nature of the Agreement and any modifications. If Authentix believes it has a legal argument that we should not accept any purported modifications, and if there are not issues of disputed fact, it may file a motion for summary judgment at a later date. For now, that part of our earlier order that granted Authentix' motion for judgment on the pleadings as to count two of the complaint is hereby vacated. Accordingly, count two is hereby dismissed without prejudice, and Objectwave is ordered to file a third amended complaint consistent with this opinion. It is so ordered.

Marvin E. Aspen
United States District Judge

Dated: 10/15/01