# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge If Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7823 | **DATE** | 10/3/2002 |
| **CASE TITLE** | Objectwave Corp. vs. Authentix Network, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, plaintiff's combined motion for the allowance attorney fees, costs and interest [60-1] is granted in part and denied in part. Objectwave is granted pre-judgment interest in the amount of 5% per year on its $90,000.00 recovery from 7/27/00 to 7/18/02 and denied any award of attorney's fees or post-judgment interest. All matters relating to the referral of this case having been completed, the referral is closed and the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | OCT 0 3 2002 date docketed | 65 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 10/3/2002 date mailed notice | |
| KF | courtroom deputy's initials | 02 OCT -3 PH 2:0 OT 03- Date/time received in central Clerk's Office | KF mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OBJECTWAVE CORPORATION, an Illinois corporation, ) ) ) Plaintiff, ) ) v. ) ) AUTHENTIX NETWORK, INC., a California corporation, ) ) ) Defendant. ) | No. 00 C 7823 <br><br> Judge Aspen <br><br> Mag. Judge Mason |

**DOCKETED OCT 03 2002**

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Before us is plaintiff Objectwave Corp.'s ("Objectwave") motion for attorney's fees and pre and post-judgment interest arising out of the settlement of its lawsuit against Authentix Network, Inc. ("Authentix"). For the following reasons, we grant in part and deny in part Objectwave's motion.

This case is a fairly straightforward breach of contract matter that has taken a few unusual procedural turns. Originally, Objectwave alleged that Authentix owed it money under three different parts of their contract: 1) $90,000.00 for completed contract milestones 2.1b and 2.2a; 2) payment for an extra 680 hours of work performed by Objectwave; and 3) $30,000.00 for the partial completion of contract milestone 2.2b. Throughout the course of the litigation, Authentix agreed that it owed Objectwave the $90,000.00 payment, but denied owing the remainder. It filed a motion for summary judgment on the three issues, essentially conceding its responsibility to pay the $90,000.00 and asking the Court to find against Objectwave on the remaining

two issues. The District Court granted summary judgment for Objectwave with respect to the $90,000.00 payment for milestones 2.1b and 2.2a and denied summary judgment on the rest of its claims.[1]

In its July 3, 2002 order partially granting summary judgment, the District Court stated that "Objectwave is free to file a motion and supporting memorandum detailing its entitlement, if any, to specific attorney fees, costs and interest on this judgment." On July 18, 2002, the District Court conducted a settlement conference as to the remaining issues. The parties agreed to settle for $15,500.00, and the Court entered an order dismissing the action and terminating the case.

On July 29, 2002, Objectwave filed a motion for various fees and costs associated with the grant of partial summary judgment in its favor and the settlement. Specifically, it claims that it is entitled to pre-judgment interest and attorneys' fees for the $90,000.00 claim and post-judgment interest on the $15,500.00 settlement. Authentix has objected to all of Objectwave's requested fees and costs. We will address each request in turn.

The parties agree that this case is governed by Arizona law. Objectwave argues that it is entitled to pre-judgment interest on its $90,000.00 claim because the amount was liquidated and Arizona law allows for pre-judgment interest as a matter of right on all liquidated damages. *Constanzo v. Stewart Title & Trust of Phoenix*, 533 P.2d 73, 77 (Ariz.App. 1975). Further, in Arizona, liquidated damages generally accrue from the

---

[1] The opinion noted that Authentix created an unusual procedural issue by asking the Court to grant summary judgment against Authentix itself on the $90,000.00 issue. The Court explained that Rule 56 does not contemplate the granting of summary judgment against the party bringing the motion and instead treating Authentix' request as a Rule 68 offer of judgment by Authentix that was accepted by Objectwave in its response to the motion for summary judgment.

date of demand. *Rawlings v. Apodoca*, 726 P.2d 596 (Ariz.App. 1985) *vacated in part on other grounds*, 726 P.2d 565 (1986). Objectwave argues that the $90,000.00 was liquidated pursuant to the terms of the contract and not objected to by Authentix. Further, it states that it first demanded the amount from Authentix on July 27, 2000, pursuant to an invoice.

Authentix objects to Objectwave's claim for pre-judgment interest (and the $4,420.50 it seeks in attorneys' fees connected with the $90,000.00 judgment), arguing that Objectwave failed to file any claim for fees or interest prior to the settlement conference, and thus it waived its right to ask for fees connected to the Court's grant of partial summary judgment. Objectwave counters that it properly waited until after the settlement conference and Judge Aspen's July 18, 2002 order dismissing the entire case, to file its request for fees pursuant to Fed.R.Civ.P. 54, which it did on July 29, 2002, less than fourteen days from the date of the final judgment.

We disagree with Authentix that Objectwave waived its claim for pre-judgment interest and attorneys' fees by not filing its motion prior to the parties' settlement conference. Rule 54(a) defines "judgment" as "a decree and any order from which an appeal lies." However, Judge Aspen's order of July 3, 2002 only resolved one of Objectwave's three claims, the one for $90,000.00. Pursuant to Rule 54(b), an order that resolves less than all the claims of a lawsuit is not a final judgment unless the order specifically states that it is final and appealable; the July 3, 2002 order contained no such language. Thus, it was the July 18, 2002 order dismissing the action and terminating the case that acted as a final judgment.

However, we also must address Authentix' argument that the settlement

3

conference was *res judicata* as to Objectwave's claim for fees and interest. Authentix contends that the settlement conference was intended to dispose of all outstanding issues (such as Objectwave's claim for fees for the partial completion of contract section 2.2b), including the fees and interest it sought with regard to the 90,000.00 claim. Once the parties agreed to settle the remainder of the case for $15,500.00, Authentix argues, Objectwave was barred from filing its motion for fees and interest. We disagree. There is no evidence that the settlement conference was meant to deal with any issue other than the partially completed milestone 2.2b. The parties did not discuss Objectwave's entitlement to fees and interest or Judge Aspen's July 3, 2002 order at the settlement conference, and we find that the question of a fee petition for the $90,000.00 is wholly separate from the settlement of milestone 2.2b.

Procedural matters aside, Authentix next contends that Objectwave is not entitled to pre-judgment interest because the parties had an agreement to settle the dispute over milestones 2.1b and 2.2a for $90,000.00, conditioned on the sale of Authentix, and the agreement did not provide for the payment of pre-judgment interest. As proof of this agreement, Authentix provides the transcript testimony of Objectwave's Vice President of Sales and Marketing, James Drier. In Court before Judge Rosemond, Drier explained that the parties had agreed that $90,000.00 was the amount Authentix owed Objectwave for milestones 2.1b and 2.2a, but that the amount owed under the remainder of the contract remained open to dispute. Authentix cites *Employers Mut. Cas. Co. v. McKeon*, 821 P.2d 766, (Ariz. App. 1991) as support for its position. In *Employers Mutual*, the parties had entered into a written agreement to settle the lawsuit for the a specific amount (the maximum allowed by the relevant insurance policy),

should the Court find the plaintiff insurance company liable. The parties did not include a calculation of interest in their agreement and the Court found that the terms of the contract controlled, and thus did not allow an award of pre-judgment interest.

In this case, there is also a settlement between the parties, but one which provides for the possibility of pre-judgment interest. Specifically, we find that Authentix' offer of judgment, and Objectwave's acceptance, constitute a binding settlement agreement between the parties. However, the exact terms and procedures by which the settlement was set complicate matters a bit. Technically, when Objectwave accepted the offer of judgment, it asked for costs and attorney's fees in addition to the $90,000.00. The District Court set the final amount of settlement at $90,000.00 exactly, and informed Objectwave that it could file a motion detailing its entitlement "if any" to fees, costs and interest. That is, the Court's opinion made the question of Objectwave's entitlement to pre-judgment interest part of the settlement agreement, to be decided at a later date. Authentix did not object to such a ruling. In this case, Objectwave has provided competent legal argument that it is so entitled to pre-judgment interest, and thus we will award it 5% per year from July 27, 2000 to July 18, 2002.

Next, Objectwave claims attorney's fees for the time its lawyer spent recovering the $90,000.00. Objectwave claims that it was the successful party on this issue, and thus, it is entitled to attorney's fees pursuant to Arizona law. Authentix argues that Objectwave is not a prevailing party since it only recovered for one of its three claims prior to the parties' settlement agreement. However, it ignores the fact that Objectwave is only seeking to recover attorney's fees connected to that one issue. In this case,

5

although Objectwave "prevailed" on the issue of milestones 2.1b and 2.2a since it recovered the entire $90,000.00 it sought, we do not believe that it is appropriate to award attorney's fees. Under Arizona law, we have discretion whether to award such fees. See A.R.S. § 12-341.01; *Varsity Gold, Inc. v. Porzio*, 45 P.3d 352, 357 (Ariz.App. 2002). However, after reviewing all of the evidence, we are not satisfied that Objectwave is entitled to attorney's fees. There is evidence that the question of the $90,000.00 could have been resolved earlier, but for delays by both parties. Thus, we deny Objectwave's request for attorney's fees.

Finally, Objectwave claims post-judgment interest connected to its receipt of a $15,500.00 settlement of the remaining issues. The settlement was concluded on July 18, 2002 and the case dismissed that same day. Authentix indicated its willingness to tender the settlement check immediately upon receipt of a signed release from Objectwave. Thereafter, the parties engaged in several days of discussions about whether the signing of the agreement would waive Objectwave's right to post-judgment interest and what was discussed at the settlement conference with regard to this issue. Since we were not a party to the settlement conference, we make no determination about what was discussed there. However, A.R.S. § 12-347, which Objectwave cites in support of its motion for post-judgment interest, specifically refers to interest on a "verdict". Objectwave does not cite any legal authority to support its contention that it is similarly entitled to interest on an agreed settlement and we can find none. Unlike a judgment arising out of a contested motion or trial, there is no concern that a settlement will be appealed, or that the payor will delay payment out of the conviction that it does not owe the money. Indeed, Authentix tendered a check to Objectwave within two

weeks of the dismissal of the case. Thus, we deny Objectwave's request for post-judgment interest.

For the above reasons, Objectwave is granted pre-judgment interest in the amount of 5% per year on its $90,000.00 recovery from July 27, 2000 to July 18, 2002 and denied any award of attorney's fees or post-judgment interest. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: October 3, 2002