Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| CASE NUMBER | 00 C 7823 | DATE | 4/10/2003 |
| CASE TITLE | Objectwave Corp. vs. Authentix Network | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, plaintiff's petition for a rule to show cause hearing against Authentix Network, Inc. and the law firm Levun, Goodman and Cohen [70-1] is granted. Rule to show cause hearing set for 5/2/03 at 9:00 a.m. in courtroom 2214. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | 2 number of notices | |
| ✓ | Notices mailed by judge's staff. | APR 11 2003 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 4/10/2003 date mailed notice | |
| KF courtroom deputy's initials | | | |
| | Date/time received in central Clerk's Office | KF mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OBJECTWAVE CORPORATION, an Illinois corporation | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 00 C 7823<br>)<br>) Judge Aspen |
| AUTHENTIX NETWORK, INC., a California corporation | )<br>) Mag. Judge Mason<br>) |
| Defendant. | ) |

APR 1 1 2003

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Before us is plaintiff Objectwave Corp.'s ("Objectwave") petition for a rule to show cause against defendant Authentix Network, Inc. ("Authentix") and the law firm of Levun, Goodman and Cohen ("LGC"). For the following reasons, we grant Objectwave's petition for a rule to show cause as to why Authentix and LGC should not be held in contempt of court for dissolving a reserve fund on July 25, 2002 which had been held by Authentix's legal counsel, LGC, for the benefit of Objectwave.

*Facts*

This case began as a straightforward breach of contract matter. Objectwave alleged that Authentix owed it payments under three different parts of a contract: (1) $90,000.00 for completed contract milestones; (2) $30,000.00 for partially completed contract milestones; and (3) payment for an extra 680 hours of work performed by Objectwave pursuant to a verbal modification of the contract. While the case was pending, Authentix planned to sell its operating assets to a third party. Objectwave

requested a preliminary injunction barring the sale. On February 28, 2001, Judge Rosemond issued a report and recommendation (which was subsequently adopted by the District Court) that Objectwave's request for a preliminary injunction be granted, prohibiting Authentix from "... conveying its operating assets ... to a third party unless and until an adequate reserve fund is established for the benefit of [Objectwave] pending resolution of the litigation." (Report of Judge W. Thomas Rosemond, Jr., p.13) In a motion filed on March 5, 2001, Authentix proposed that the reserve fund be held in the Client Trust Account of Authentix's counsel, LGC, "for the benefit of [Objectwave] pending resolution of the litigation." Authentix's CEO, Mal Gurian, whose affidavit was submitted in support of the motion, asserted that the monies deposited in the reserve fund would remain in the LGC Client Trust Fund "until further order of this Court." (Affidavit of Mal Gurian, 03/01/2001) Judge Rosemond directed the establishment of the reserve fund pursuant to Authentix's proposal that same day, March 5, 2001.

On July 3, 2002, the District Court granted summary judgment in favor of Authentix with respect to the claim for the 680 hours of extra work performed, but entered judgment in favor of Objectwave as to its claim for $90,000.00 for the completed contract milestones. The District Court advised the parties that Objectwave was "free to file a motion and supporting memorandum detailing its entitlement, if any, to specific attorney's fees, costs and interest on this judgment." (July 3, 2002 Opinion, p.7) Subsequently, on July 18, 2002, a settlement conference to resolve the third remaining issue – Objectwave's claim for $30,000 for the partially completed contract milestones – was held. The parties reached an agreement that day, and, on July 18, 2002, the District Court entered an order dismissing and terminating the case.

-2-

Following the settlement conference, Objectwave's counsel requested that a general release be drafted, which LGC did and then forwarded to Objectwave's counsel, informing them that the settlement payment would be expedited by the timely return of the agreement. Through a series of correspondence, the parties appeared to be close to reaching an agreement on July 23, 2002. However, before any release was executed, Objectwave's counsel informed LGC that Objectwave intended to seek recovery of its attorneys' fees and interest on the judgment of $90,000. No general release was ever executed.

On July 29, 2002, Objectwave filed a motion for attorney fees, costs and interest associated with the judgment in its favor and the settlement. Authentix argued, in response, that the District Court's July 18, 2002 order dismissing and terminating the case barred Objectwave from seeking its fees and interest. On October 3, 2002, however, this Court held that Objectwave did not act improperly in seeking recovery of such items at that time, and granted Objectwave's request for pre-judgment interest in the amount of $9,084.60.[1] Authentix filed objections to this Court's October 3, 2002 order which were subsequently denied.

After the ruling on Authentix's objections, Objectwave's counsel sent a letter to LGC requesting payment of the $9,084.60 award of pre-judgment interest. In response, LGC informed Objectwave that the assets in the reserve fund had been distributed on July 25, 2002 to a third party (the entity who had purchased Authentix's assets), and no funds remained available to satisfy Objectwave's demand for payment of the award of

---

[1] This Court denied Objectwave's request for attorneys' fees and post-judgment interest.

-3-

pre-judgment interest. Objectwave then filed a petition for a rule to show cause against LGC as to why it should not be held in contempt of court for violating the Court's reserve fund order of March 5, 2001, and against Authentix for its violation of the Court's order of February 28, 2001 barring it from conveying the assets in the reserve fund to a third party until the litigation was resolved. Objectwave's petition is before us now.

Legal Analysis

The question before the Court is whether LGC's dissolution of the reserve fund on July 25, 2002 violated the Court's order on March 5, 2001 establishing the reserve fund. For the reasons discussed below, we find that it does, and therefore grant Objectwave's petition for a rule to show cause.

LGC presents three reasons as to why the petition for a rule to show cause should be denied: (1) it verily and in good faith believed that the litigation had been resolved as required by the reserve fund order (and therefore should be deemed in compliance with such order); (2) the issues between the parties cannot be re-litigated under the doctrine of res judicata; and (3) the reserve fund order of the Court on March 5, 2001 lacked specificity, precluding a finding of contempt for the dissolution of the fund. We address each argument in turn.

1. Good Faith

LGC argues that the petition should be denied because it acted in good faith in concluding that the litigation was resolved when the District Court entered the dismissal order on July 18, 2002 (and thus prior to the time it dissolved the fund). In support of this contention, LGC cites the events surrounding the settlement conference (e.g., that Objectwave never suggested it might be filing a motion for fees, costs and interest

-4-

during the settlement conference), the actions of Objectwave's counsel with respect to the preparation of the general release (e.g., that Objectwave's counsel requested that a general release be prepared immediately after the settlement conference and appeared willing to finalize the matter), and the entry of the Court order "dismissing" and "terminating" the case.

This Court makes no finding as to whether LGC acted in good or bad faith when it dissolved the reserve fund on July 25, 2002, as it finds such argument to be irrelevant to the analysis here. As a preliminary matter, the Court notes that LGC cites no authority to support its proposition that good faith is even a sufficient basis upon which to deny a petition for a rule to show cause. Moreover, the argument presupposes a violation of the reserve fund order. Thus, we find that, regardless of whether LGC acted in good faith, its dissolution of the reserve fund on July 25, 2002 was in violation of the Court's March 5, 2001 order establishing the reserve fund.[2]

---

[2] In any event, we find that, contrary to LGC's contention, LGC was not entirely reasonable in its decision to dissolve the reserve fund on July 25, 2002. In support of this finding, we note that there is no evidence that the settlement conference encompassed anything other than payment for the partially completed contract milestones; thus, the parties' failure to discuss at the settlement conference Objectwave's potential entitlement to fees and interest for a separate judgment entered in its favor should not, in our opinion, have led to any belief by Authentix or LGC that Objectwave could not apply for such fees and interest after the conference. We also note that the timing and substance of the parties' negotiations over the general release should not reasonably have led LGC to presume a right to dissolve the reserve fund. Negotiations are just that – negotiations, and until an agreement was executed by the parties wherein Objectwave released its right to seek interest and fees on the judgment entered in its favor, it was not reasonable for LGC to believe that it had the authority to dissolve the fund. Finally, it was not reasonable for LGC to dissolve the fund based on the District Court's July 18, 2002 order stating that the case was dismissed and terminated. As we held on October 3, 2002, Objectwave was entitled to seek interest and fees after the issuance of the District Court's July 18, 2002 order, as the litigation was not finally resolved at that time.

## 2. Res Judicata

LGC next argues that the litigation was resolved at the time the reserve fund was dissolved pursuant to the doctrine of *res judicata*. In support of this argument, LGC cites Amcast Industrial Corporation v. Detrex Corporation, 45 F.3d. 155 (7th Cir. 1995) for the proposition that a final judgment is *res judicata* even if it is still appealable. We do not view the *Amcast* decision as precluding a finding that the litigation in this case was still unresolved as of July 25, 2002 when LGC dissolved the reserve fund. The *res judicata* doctrine prohibits the re-litigation of claims or specific issues already heard and decided in a previous suit. *Amcast*, 45 F.3d. at 158. Here, there is no issue subject to re-litigation. Instead, Objectwave was (and still is) merely trying to exercise its rights under the District Court's July 3, 2002 order in which it was permitted to file a motion requesting attorney's fees, costs and interest on the judgment entered against Authentix with respect to the $90,000 portion of Objectwave's breach of contract claim. Similarly, the fact that attorneys' fees are normally deemed collateral to the litigation has no bearing here, as the issue of attorneys' fees is not being re-litigated. Succinctly, the issue of attorneys' fees and interest was not resolved, whether or not LGC believed it had been.

## 3. Lack of Specificity of Court Order

The last argument raised by Authentix and LGC is that the Court's March 5, 2001 order establishing the reserve fund lacked specificity, precluding respondents from being held in contempt of court for any violation of such order. To hold a party in contempt, there must be clear and convincing proof that a party violated a lawful order of reasonable specificity. *E.E.O.C. v. Dial Corp.*, 2001 WL 1945089 at *2 (N.D. Ill.

2001). Thus, the question presented here is whether the Court's order that monies deposited in the reserve fund would remain in the LGC Client Trust Fund "pending resolution of the litigation" and "until further order of this Court" is sufficiently specific to warrant the Court's issuance of a rule to show cause. We find that it is. While LGC may contend that the term "order" in the phrase "until further order of this Court" is ambiguous, we find that it is not. If "order" was intended to mean an order dismissing part of the case, or any other order, for that matter, LGC could have dissolved the reserve fund following the District Court's July 3, 2002 order in which it entered judgment on part of Objectwave's claims. This interpretation is not reasonable. Rather, we find that the only reasonable interpretation of the word "order" on these facts is an order stating that the reserve fund may be dissolved. As no such order was ever issued in this case, Authentix and LGC dissolved the reserve fund in violation of the Court's order establishing the fund.

Conclusion

For the reasons described above, the Court finds that LGC and Authentix violated the terms of the Court's order establishing the reserve fund, and therefore grants Objectwave's petition for a rule to show cause. A hearing on this matter will be scheduled by the clerk.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: April 10, 2003